**BAXTER INTERNATIONAL, INC., Baxter Healthcare Corporation, and Baxter Diagnostics, Inc., Plaintiffs,**

v.

**Dr. Roger J. MORRIS, Defendant.**

**No. 4:92–CV–360 (GFG).**

United States District Court, E.D. Missouri.

Oct. 2, 1992.

Harry W. Wellford, Jr., Stephen Duane Smith, Thompson and Mitchell, St. Louis, Mo., for plaintiffs.

Curtis C. Calloway, Lewis and Rice, St. Louis, Mo., for defendant.

## MEMORANDUM

GUNN, District Judge.

This matter is before the Court on plaintiffs' motion for relief from final judgment pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. Defendant has responded and plaintiffs have replied thereto.

On May 4, 1992 at the conclusion of a consolidated proceeding to consider plaintiffs' request for a preliminary and permanent injunction, the Court granted plaintiffs' request in part but did not provide the complete remedy that was sought. Plaintiffs now move for relief from the Court's judgment on the basis of newly discovered evidence that defendant, in conjunction with Dr. Frank J. Swenson, formerly employed by plaintiffs, prepared a Confidential Business Plan for a start-up company named Microphotonics Corporation ("MPX").

In order to prevail on a motion for relief from judgment based on newly discovered evidence, the moving party must show: "(1) the evidence was discovered after trial; (2) the moving party exercised due diligence to discover the evidence before the end of trial; (3) the evidence is material and not merely cumulative or impeaching; and (4) a new trial at which the evidence

was introduced would probably produce a different result." *Patterson v. General Motors Corp.,* 904 F.2d 436, 440 (8th Cir. 1991). The Court concludes that plaintiffs have neither established that they exercised due diligence to discover this evidence earlier nor that the evidence if available at trial would have yielded a different outcome.

Plaintiffs claim they have exercised sufficient diligence because defendant's own testimony prevented them from discovering this information. The Court rejects this argument because defendant's purportedly misleading testimony related to his employment opportunities with AVL Scientific Corporation. Contrary to plaintiffs' assertions, defendant understandably may not have considered starting a company that might use an AVL patent as an employment opportunity with AVL and accordingly, did not offer that information in response to plaintiffs' questioning. Furthermore, defendant was not the sole source of this information and therefore could not have thwarted all avenues of discovering the MPX plan.

Plaintiffs cite two primary bases for the importance of this evidence. First, they note that the Court "expressly found that Morris had 'clean hands' in that no disclosure of trade secret or proprietary information had occurred prior to the hearing on Baxter's request for an order enjoining [defendant]." [1] This statement, however, refers to the absence of any allegation that defendant had disclosed secrets to his new employer, bioMerieux Vitek.

Second, plaintiffs claim that the Court expressly credited Dr. Theodore T. Sand's opinion but now it is apparent that Dr. Sand was unaware that defendant and Swenson had developed this plan together. At trial, Dr. Sand testified that Dr. Swenson had taken proprietary information. From these statements, plaintiffs conclude defendant likewise must have taken proprietary information. Dr. Swenson, howev-

---

**1.** The Court notes that the concept of "clean hands" is one that applies solely to the party requesting equitable relief from the Court rather than to defendant in this instance. *See Koolvent Metal Awning Corp. of Am. v. Bottom,* 205 F.2d 209, 214 (8th Cir.1953).

er, is now in the employ of AVL while Dr. Morris is not. The Court finds that plaintiffs' conclusion is not well-founded.

The Court concludes that plaintiffs are not entitled to relief from judgment. Furthermore, the Court finds no need for an evidentiary hearing.